

*U.S. District Court, District of Minnesota*

# CHAPTER SEVEN: MOTIONS FOR SUMMARY JUDGMENT

RECEIVED BY MAIL
JUL 0 6 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## *What is a motion for summary judgment?*

Generally, a jury determines the facts of a case while a judge determines the law. But under some circumstances, a judge may decide that there is no need for a trial because, based on all the evidence, there is no real dispute about the relevant facts and the outcome can be determined based on the law alone or because no reasonable jury could come to the opposite conclusion based on the evidence. A motion for summary judgment asks the court to make that decision.

In deciding a motion for summary judgment, the judge must consider all the admissible evidence submitted by both parties in connection with the motion. The judge must consider the submitted evidence in the light most favorable to the party that does not want summary judgment. This means that if evidence could be interpreted in more than one way or depends on evaluating the credibility of the witness, the judge must interpret the evidence in the way that favors the party who opposes summary judgment.

Rule 56 of the Federal Rules of Civil Procedure explains the requirements for filing motions for summary judgment. A motion for summary judgment may be directed at ending the whole lawsuit, or only at dismissing one or more individual claims. A motion for summary judgment may also be brought to decide if the defendant is liable (that is, violated the law), even if there is still a dispute over the amount of money or other kinds of damages that the plaintiff should get.

If a judge grants a motion for summary judgment, there will not be a trial on the issue on which summary judgment was granted. This may mean there would be no trial

SCANNED
JUL 0 6 2026
U.S. DISTRICT COURT MPLS

 

at all, or that a trial would be held only on certain issues as to which the judge did not grant summary judgment. If the judge denies a motion for summary judgment, the case will go to trial unless the parties settle the case. By denying a party's motion for summary judgment, a judge is not saying the other party's case is more believable, but only that there is a real dispute about relevant facts and therefore a trial is required.

### When can a motion for summary judgment be filed?

The scheduling order in your case usually will specify when motions for summary judgment may be filed. If so, you must follow those timing requirements. If the judge does not address the timing for motions for summary judgment in a scheduling order or other order, Rule 56(b) of the Federal Rules of Civil Procedure provides that any party may file a motion for summary judgment at any time until 30 days after the close of all discovery. However, many judges will not permit a party to file a motion for summary judgment until after all parties have completed discovery unless a party asks permission to file their motion early and can show why additional discovery would not be worthwhile.

The rules for filing dispositive motions, including Local Rule 7.1, apply to motions for summary judgment. You should also check the practice pointers for the district judge assigned to your case (available on the District of Minnesota's website) to see whether your judge has any specific rules for filing or opposing a motion for summary judgment. For example, many judges will not permit a party to file a motion for summary judgment



until after all parties have completed discovery unless a party asks permission to file their motion early and can show why additional discovery would not be worthwhile.

### What if my opponent files a motion for summary judgment before I complete my discovery?

If a party files a motion for summary judgment before the time for discovery has ended but you believe you need more discovery in order to show why summary judgment should not be granted, Rule 56(d) of the Federal Rules of Civil Procedure allows you to respond to the summary judgment motion by filing an affidavit or declaration that you are not yet able to present facts that are essential to supporting your opposition to the summary judgment motion. In your affidavit or declaration under Rule 56(d), you must show what specific facts you need, why those facts will defeat summary judgment, and why you need discovery to get those facts. If the court finds your affidavit or declaration persuasive, the court may: (1) defer considering the motion for summary judgment or may deny the motion; (2) allow you time to conduct discovery or obtain affidavits or declarations that would assist you in opposing the motion for summary judgment; or (3) issue any other appropriate order. The court is unlikely to be receptive to your argument under Rule 56(d), however, if the time for discovery has already expired and you did not complete your discovery in the time allotted.

### What evidence does the judge consider for summary judgment?

The judge must consider the admissible evidence submitted and cited by the parties for or against the motion for summary judgment. The judge may also consider

 

other materials in the record of the particular case. However, the judge does not have to search the record for other evidence that may have been filed by a party at some other point in the case. The judge also does not have to look at evidence that is not specifically discussed in the parties' briefs. And, the judge cannot consider evidence in the record of another case, even if that case involved the same parties. Therefore, you should file copies of all evidence that you want the judge to consider or you should make sure the evidence is contained, in admissible form, in other documents in the record in this particular case. Then, in your memorandum of law in support of or in opposition to the motion for summary judgment, you should refer specifically to that evidence, by document number, page number, and even line or paragraph number, explaining why each piece of evidence supports your argument.

Every fact that you rely upon must be supported by evidence. It is not enough to repeat your belief that a fact is true or to point to arguments you have written about in other papers you filed earlier; you need to show the judge the admissible evidence that supports what you have said.

**Affidavits or declarations as evidence on summary judgment.**

Affidavits and declarations are written statements of fact. They are written by an actual witness to those facts and are signed by the witness under penalty of perjury. Penalty of perjury means that a person could be prosecuted for lying under oath. An affidavit must be signed before a notary public, while a declaration need not be.

You may use either affidavits or declarations as evidence in supporting or opposing a motion for summary judgment. In a general sense, they are written versions



*U.S. District Court, District of Minnesota*

of what a person would testify to if they were in court on the witness stand. Rule 56(c) of the Federal Rules of Civil Procedure explains how affidavits and declarations are used for summary judgment. Under Rule 56(c)(4), any affidavits or declarations submitted by the parties on summary judgment must:

- be made by someone who has personal knowledge of the facts contained in the written statement;

- state facts that are admissible in evidence; and

- show that the person making the statement is competent to testify to the facts contained in the statement.

All documents referred to in an affidavit or declaration must be attached as exhibits to the affidavit or declaration. Generally, the affidavit or declaration should list and identify any attached documents and should state that the documents are true and correct copies of the originals. This is called "authenticating" the documents. Rules 901 and 902 of the Federal Rules of Evidence discuss the requirements for authentication.

You can find additional information about filing affidavits, declarations, and exhibits with a motion or response to a motion in the section "What are affidavits, declarations, and exhibits?"

**Hearsay**

Hearsay is the report of another person's words or certain actions by a witness to those words or actions offered to prove the truth of the words or actions. For example, a person swearing that they were told by someone else that the plaintiff hit the defendant first would be hearsay. Similarly, a person stating in an email that they heard from someone else that the plaintiff hit the defendant first would also be hearsay. A statement



in an exhibit to an affidavit or declaration supporting a motion for summary judgment may be disregarded by the judge on the ground that the statement is hearsay and would not be admissible at trial. There are many exceptions, however, to this prohibition on hearsay. The rules on the use of hearsay statements can be found in <u>Rules 801 through 807 of the Federal Rules of Evidence</u>.



# CHAPTER EIGHT: TRIAL

## *What is the difference between a jury trial and a bench trial?*

There are two types of trials: jury trials and bench trials.

At a jury trial, a jury reviews the evidence presented by the parties, figures out which evidence to believe, and decides what it thinks actually happened. The judge will instruct the jury about the law, and the jury will then apply the law to the facts that they have found to be true and determine who wins the lawsuit.

For a jury trial to occur:

- The lawsuit must be a type of case that the law allows to be decided by a jury; and

- At least one of the parties must request a jury trial within the right timeframe. This timeframe is set forth in Rule 38 of the Federal Rules of Civil Procedure. A party that does not make a jury trial demand on time forfeits that right.

At a bench trial, there is no jury. The judge will determine the law, the facts, and the winner of the lawsuit. A bench trial is held when:

- None of the parties requested a jury trial (or did not ask at the right time);

- The lawsuit is a type of case that the law does not allow a jury to decide; or

- The parties have agreed that they do not want a jury trial.

## *When will my trial start?*

Under Local Rule 39.1, the judge who will conduct your trial will notify you of your trial date at least 21 days before trial. Under Local Rule 6.1, you can file a written motion to continue the case, but it will only be granted if you show good cause for the



continuance. The judge who will conduct the trial will decide whether to grant the motion to continue.

## *What do I have to do to prepare for trial?*

There is a lot of work to do when preparing for trial and a lot of documents to be filed. This Guidebook cannot help you through every detail and issue that might come up. If you find yourself preparing for a trial, you should look for additional resources at a law library.

Getting ready for trial is time-consuming, so be sure to read carefully the case-management order or any other order that sets a schedule for pretrial events and prepare to meet every deadline. When the judge sets a trial date, they usually send out an order setting pretrial deadlines for filing or submitting various documents associated with the trial. For example, the judge will probably set dates for submitting copies of exhibits, objections to exhibits, and proposed jury instructions, among other things. Usually, the judge also will set a date for a pretrial conference shortly before trial. Give yourself enough time to file all the necessary documents on or before the deadlines.

The trial judge will almost always enter an order setting out the pretrial deadlines for your case. If so, you must follow those deadlines. But if the judge does not enter such an order, Local Rule 39.1 requires you to file and serve the following documents at least 14 days before the trial date:

- Trial brief;

- Exhibit list on a form provided by the Clerk of Court;

103



- <u>Witness list</u>;

- List of deposition testimony;

- Motions in limine; and

- For jury trials: (1) proposed voir dire questions; (2) proposed jury instructions; and (3) proposed verdict form; and

- For non-jury trials: proposed findings of fact and conclusions of law.

In both jury and nonjury trials, all exhibits must be marked as described under Local Rule 39.1 and made available for examination and copying at least 14 days before trial. Additionally, a party objecting to deposition testimony for introduction at trial by the other party must serve and file objections at least 7 days before trial.

You also need to arrange for all your witnesses to be in court at the trial. If a witness does not want to come to trial, you can make them attend (if they are within the court's jurisdiction) by serving them with a subpoena. A subpoena to appear and testify at a trial is a document issued by the Clerk's Office that requires a person to show up at trial on a particular date. Generally, the same rules that apply to subpoenaing a witness to appear at a deposition also apply to trial subpoenas.

## *What is a motion in limine?*

A motion in limine is a motion filed before the trial begins that asks the judge to decide ahead of time whether a party will be allowed to use specific evidence at trial. <u>Rule 103</u>, and the <u>Federal Rules of Evidence</u> more generally, help explain how to present questions about the admissibility of evidence to the court. A court order may set a deadline for filing and responding to motions in limine. The judge may also limit the



number of motions in limine you may file. Pay attention to these deadlines and limitations in your case.

## What is a final pretrial conference?

At a final pretrial conference, the parties and the judge will discuss any topics the judge believes may make the trial go quicker, such as whether there are any undisputed facts. The parties will also be expected to discuss (1) disclosure of all witnesses; (2) the listing and exchange all exhibits; (3) motions in limine and objections to evidence; (4) all outstanding motions; (5) an itemized statement of damages; (6) their estimates of the length of the trial; and (7) jury selection. The judge will then issue a final pretrial order setting any deadlines for proceedings necessary before trial. Under Local Rule 16.6, a final pretrial conference will be held no earlier than 45 days before trial.

## What happens during trial?

On the first day of trial, the judge will usually meet with the parties briefly to resolve any last-minute problems. Local Rule 39.2 describes some of the procedures you must follow during trial.

You must stand when you speak to the judge, either from counsel's table or from the stand with the microphone in front of the bench. Speak clearly and loudly enough to be heard. Stay at the stand with the microphone when you examine witnesses, unless you need to show an exhibit to a witness.

 

## *What is jury selection?*

The purpose of jury selection is to pick a jury that can be completely fair to both parties. This is accomplished by a process called voir dire, during which potential jurors are asked a series of questions. Under Local Rule 39.2(b), the judge will typically ask the questions of the jurors. The questions are designed to learn of any biases or prior knowledge of the case or witnesses that a juror may have that would prevent the juror from being fair and impartial. The judge may also ask about circumstances that would make it particularly burdensome for a juror to serve in the case. Some of the questions may be taken from lists of questions that the parties give the judge before trial.

Once the questioning is complete, the judge will excuse (that is, send home) any jurors who the judge thinks believes will not be able to perform their duties as jurors. The parties also will have an opportunity to challenge jurors "for cause," that is, to argue that additional jurors should be excused because they cannot perform their duties as jurors. After all the jurors that have been challenged for cause have been excused, the parties have an opportunity to use "peremptory challenges" to request that additional jurors be excused without the party having to give any reason. The judge will give each party a certain number of peremptory challenges.

After the jury is chosen, the judge will read some instructions to the jury. These initial instructions tell the jurors about their duties, explain to the jurors how to deal with evidence, and give an explanation of the law that applies to the lawsuit that the jurors are about to hear.



## What are opening statements?

After the jury is chosen, each party may present an opening statement. The opening statement is a speech that describes the issues in the case and explains what the party expects to prove during the trial. An opening statement is not a legal argument. It is also not testimony or evidence that the jury can rely upon in deciding the facts of the case. An opening statement is only a roadmap of the evidence the party believes will come out at trial. When you give your opening statement, do not refer to any evidence that the judge has already ruled is not admissible.

Under Local Rule 39.2, opening argument is limited to one hour, unless the judge orders otherwise.

## In the trial, which party presents witnesses first?

After the opening statements, the plaintiff presents their side of the case. The plaintiff begins by "calling" their witnesses to the stand, one by one, and asking the witnesses questions. This is called direct examination. After the plaintiff finishes asking questions of a particular witness, the opposing party has the opportunity to cross-examine the witness by asking additional questions about the topics covered during the direct examination. If there are multiple defendants, each defendant may cross-examine the witness. Then, the plaintiff can ask questions about the topics covered in cross-examination. This is called redirect examination. Usually, a judge will allow this process to continue until both sides state that they have no further questions for the witness. The



plaintiff will present all their evidence before the defendant has a turn to present their own case and call their own witnesses.

## What evidence is admissible at trial?

All the evidence that is presented by any party during trial must be admissible. The Federal Rules of Evidence provide very detailed rules for the admissibility of evidence.

If one party tries to present evidence that is not allowed under the Federal Rules of Evidence or tries to ask improper questions of a witness, the other party may object. It is the party's responsibility, not the judge's responsibility, to object to evidence that is not admissible. If the objection involves testimony, then the objection should, if possible, be made before the witness answers the improper question or states the improper evidence. If the objection is to a document, then the objection should be made at the time the document is offered into evidence by the other side. If the other party does not timely object, the judge may allow the evidence to be presented, and the other party may not be able to protest that decision on appeal.

The way to object is to stand and briefly state your objection. You should address your objection to the judge, not to the other party or their lawyer. Objections should be brief but must contain the basis for the objection. For example, a proper objection might be: "Objection, your honor, inadmissible hearsay." You should not give a long explanation or argument unless the judge specifically asks you to explain your objection. If the judge wants to discuss the objection, he or she may ask you and the other side to

108

 

come up to the bench where the judge sits, out of the hearing of the jury, to talk to you quietly. This is called a discussion at side bar. The judge will then either sustain or overrule the objection. If the judge sustains the objection, the evidence will not be admitted or the question may not be asked. If the judge overrules the objection, the evidence will be admitted or the question may be asked, unless the judge later sustains a different objection.

## What is a motion for judgment as a matter of law?

In a jury trial, after the plaintiff has presented all their evidence, the defendant may make a motion for judgment as a matter of law, requesting the judge to decide the outcome of the case without the need for the defendant to present any evidence. Rule 50(a) of the Federal Rules of Civil Procedure explains the procedures for making this motion.

A motion for judgment as a matter of law is granted if the plaintiff failed to provide enough evidence during their case to allow any reasonable jury to decide the matter in the plaintiff's favor. The judge may either rule on the motion when it is made or put off ruling until later. If the judge grants the motion for judgment as a matter of law, the trial is over.

## When does the defendant get to present their case?

If the defendant does not file a motion for judgment as a matter of law, or if the motion is not granted at the time it is made, the defendant then presents his or her case.

AARON TANDOH
2120 ALPINE BLVD
ALPINE, CA 91901



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

February 19, 2026

Aaron Tandoh
2120 Alpine Blvd
Alpine, CA 91901

### Re: DOCUMENTS/FORMS REQUESTED

Dear Aaron,

Enclosed, please find the pro se complaint packet and a copy of the pro se civil guidebook as requested.

Please call our office at (612) 664-5000 if you have any questions.

Sincerely,

**Kate M. Fogarty, Clerk**



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

# PRO SE CIVIL GUIDEBOOK

November 2025

This Guidebook is intended to be an informative and practical resource for understanding the basic procedures of the court. The statements in this Guidebook do not constitute legal advice. DO NOT CITE THIS GUIDEBOOK AS AUTHORITY. This Guidebook does not take the place of the Federal Rules, this District's Local Rules, or the individual practices of the judges of this court. All parties using this Guidebook remain responsible for complying with all applicable rules of procedure. If there is any conflict between this Guidebook and the applicable rules, the rules govern.



*U.S. District Court, District of Minnesota*

# INTRODUCTION

This Guidebook is intended to help you understand the procedures you must follow if you represent yourself in this District. **This Guidebook, however, is not legal advice**. Furthermore, you cannot rely on this Guidebook alone, because it does not address every situation that might arise in your case, and it does not offer any information about the specific issues in your lawsuit.

The court encourages you to review this Guidebook together with the <u>Federal Rules of Civil Procedure</u> and the District of Minnesota's <u>Local Rules</u>, which are available online. A printed copy of the most recent version of the Local Rules may be obtained from the Clerk's Office by request.

This Guidebook is organized in the sequence that a lawsuit typically proceeds through the court and is written in a question-and-answer format. The Table of Contents below identifies each question that is addressed by this Guidebook.



# TABLE OF CONTENTS

INTRODUCTION.........................................................................................................1

TABLE OF CONTENTS ..........................................................................................2

CHAPTER ONE: GENERAL INFORMATION ..............................................6

What is the Clerk's Office? .......................................................................... 6

How do I contact the Clerk's Office? ........................................................ 6

What does it mean to file documents with the Clerk's Office? .......... 6

What is a district judge?................................................................................ 8

What is a magistrate judge?.......................................................................... 8

What does it mean that a party is "under oath" or that a document is "filed under oath"? ........................................................................................................................ 8

Can anyone see the documents filed in my lawsuit?............................. 9

Can I use artificial intelligence to help me prepare documents? ...... 10

CHAPTER TWO: STARTING YOUR LAWSUIT ........................................11

What is a lawsuit? .......................................................................................... 11

How do I start a lawsuit?.............................................................................. 11

How do I write a complaint?........................................................................ 12

What does "jurisdiction" mean?................................................................. 12

What is "venue"? ............................................................................................ 13

How much detail should I include in the complaint?........................... 14

What is a "claim" (or a "count")? ............................................................... 15

What is a "request for relief"?..................................................................... 15

Why do I have to sign the complaint (and every other document in the lawsuit)?..... 16

What besides a complaint is needed to begin my lawsuit? ................. 16

What is a civil cover sheet? .......................................................................... 17

How can I pay the filing fee?....................................................................... 17

What if I cannot afford the fee for filing a new complaint?................. 17

How will I find out what judge has been assigned to my case? ......... 18

Can I change my complaint after I file it?................................................ 19

What do I do after I file my complaint? .................................................... 19

May the defendant be asked to waive service of the summons and complaint? ........ 20

What happens if the defendant declines to waive service? ................. 21

How do I serve the summons and complaint? ........................................ 21

Is there a time limit for serving the summons and complaint?.......... 22

How can I make sure that I know about everything that happens in my lawsuit? ..... 22

CHAPTER THREE: ANSWERS, MOTIONS TO DISMISS, AND COUNTERCLAIMS..............................................................................................24

What happens after the summons and complaint are served? .......... 24

How long does the defendant have to respond to the complaint?..... 24

What happens if the defendant does not respond to the complaint? ......... 25

What is an answer to the complaint? ........................................................ 27



Does the plaintiff have to respond to the answer after it is filed? .................................. 28

Can the defendant amend the answer after filing it? .......................................................... 28

What is a counterclaim? ............................................................................................................ 28

What are the requirements for counterclaims? ..................................................................... 29

If a counterclaim is filed, does the plaintiff have to respond to it? ................................... 30

What is a motion to dismiss? .................................................................................................... 30

Should I respond to a motion to dismiss? ............................................................................. 31

What happens after the judge decides the motion to dismiss? ........................................... 32

What is a motion for a more definite statement? ................................................................. 32

**CHAPTER FOUR: HOW MOTION PRACTICE AND HEARINGS ARE CONDUCTED** .......................................................................................................................**34**

What is a motion? ....................................................................................................................... 34

How is motion practice conducted? ........................................................................................ 34

What are the requirements for motion papers? ..................................................................... 35

What do I have to do before filing a motion? ....................................................................... 37

What is a notice of hearing? ..................................................................................................... 39

What are affidavits, declarations, and exhibits? ................................................................... 39

What is a meet-and-confer statement? .................................................................................... 40

What if I need more time to respond to a motion? ............................................................... 41

How do I serve on the other side motions and other documents that I file with the court? .......................................................................................................................................... 41

What is a hearing? ...................................................................................................................... 42

How do I prepare for a hearing? ............................................................................................. 43

What does a courtroom look like? ........................................................................................... 43

How should I behave at a hearing? ......................................................................................... 44

How does a motion hearing work? .......................................................................................... 45

How do I get a copy of the court reporter's transcript of a hearing? ............................... 46

**CHAPTER FIVE: DISCOVERY** ..........................................................................................**48**

The defendant has filed an answer—what happens next? ................................................. 48

How should I prepare for the case management conference? ............................................. 48

What are initial disclosures? .................................................................................................... 49

What is discovery? ..................................................................................................................... 52

What is the scope of discovery? .............................................................................................. 52

What are the most common types of discovery? .................................................................. 52

Are there any limits to discovery? .......................................................................................... 54

When can discovery begin? ...................................................................................................... 55

How do I serve discovery requests on the other side? ....................................................... 56

Do I file discovery requests or responses with the Clerk's Office? .................................. 57

Do I have to give the other side confidential information? What is a protective order? .......................................................................................................................................... 57

What is the duty to preserve? .................................................................................................. 59

What is an interrogatory? ......................................................................................................... 60

How many interrogatories can I serve? .................................................................................. 60



How do I answer interrogatories served on me? ........................................... 60

Do I have to supplement my answers to interrogatories if I remember or learn something new? ........................................................................................... 62

What are requests for production? How do I get documents from an opposing party to look at or use as evidence? ......................................................... 62

How many requests for production can I serve? ............................................. 63

How do I respond to a request for production served on me? ...................... 64

Do I have to supplement my responses to requests for production if I find something more? ............................................................................................. 66

What is "electronically stored information"? ................................................. 66

How do I preserve electronically stored information? ................................... 67

How do I produce relevant electronically stored information? ..................... 69

What is a request for admission? ..................................................................... 71

How many requests for admission may I serve? ............................................ 71

What happens if a party does not respond to a request for admission by the deadline? ........................................................................................................... 72

How do I respond to a request for admission served on me? ....................... 72

What if a party does not admit a fact stated in a request for admission and the other side later proves it was true? ................................................................. 73

What is a deposition and how does it work? .................................................. 74

How many depositions may I take? ................................................................. 75

Do I need the judge's permission to take a deposition? ............................... 75

How do I arrange for a deposition? ................................................................. 76

What do I say in a notice of deposition? ......................................................... 76

Do I need to get a subpoena to take a deposition? ....................................... 77

How long can a deposition last? ...................................................................... 77

Does the deponent have to answer all questions? ......................................... 77

Who is allowed to ask the deponent questions? ............................................ 78

Can the deponent make corrections in the transcript after the deposition? ...... 79

If I serve a notice of deposition on a party, are they required to show up for the deposition? ....................................................................................................... 79

How do I get documents or testimony from persons or entities who are not parties to the lawsuit? ......................................................................................................... 80

How do I serve a subpoena? ........................................................................... 82

What if the person (or entity) who receives the subpoena believes it is objectionable? ........................................................................................................... 83

Can I be required to submit to a physical or mental examination? .............. 85

What happens to the results of the examination? ......................................... 85

What are expert disclosures? ........................................................................... 86

What are pretrial disclosures? ......................................................................... 88

What if I need more time than the rules provide to make required disclosures or respond to discovery requests? ....................................................................... 89



What can I do if there are problems or disagreements with the other side about disclosures or discovery? ........... 90

How do I file a motion to compel or for sanctions pertaining to discovery? ........... 91

What might a judge impose as a discovery sanction? ........... 91

**CHAPTER SIX: MEDIATIONS AND SETTLEMENT CONFERENCES.93**

What is a Mediation? ........... 93

What is a Settlement Conference? ........... 94

**CHAPTER SEVEN: MOTIONS FOR SUMMARY JUDGMENT...............96**

What is a motion for summary judgment? ........... 96

When can a motion for summary judgment be filed? ........... 97

What if my opponent files a motion for summary judgment before I complete my discovery? ........... 98

What evidence does the judge consider for summary judgment? ........... 98

**CHAPTER EIGHT: TRIAL...............102**

What is the difference between a jury trial and a bench trial? ........... 102

When will my trial start? ........... 102

What do I have to do to prepare for trial? ........... 103

What is a motion in limine? ........... 104

What is a final pretrial conference? ........... 105

What happens during trial? ........... 105

What is jury selection? ........... 106

What are opening statements? ........... 107

In the trial, which party presents witnesses first? ........... 107

What evidence is admissible at trial? ........... 108

What is a motion for judgment as a matter of law? ........... 109

When does the defendant get to present their case? ........... 109

What is rebuttal? ........... 110

What happens after all parties have finished presenting their evidence? ........... 110

**CHAPTER NINE: POST-TRIAL MOTIONS AND APPEALS...............111**

What is a motion for reconsideration? ........... 111

What is a post-trial or post-judgment motion? ........... 111

What is an appeal? ........... 111

How do I file an appeal? ........... 112

When do I have to begin my appeal? ........... 113



# CHAPTER ONE: GENERAL INFORMATION

## *What is the Clerk's Office?*

The Clerk's Office maintains the court's records. This is where you will file the documents that will be reviewed by the judge. The Clerk's Office cannot give you legal advice or tell you when a judge might make a decision in your case, but the Clerk's Office can tell you whether a particular document has been filed and can provide copies of documents in the court record at a cost of $.50 per page (payable in advance).

## *How do I contact the Clerk's Office?*

You may contact the Clerk's Office at the following address and phone number:

United States District Court for the District of Minnesota
Clerk's Office
300 South Fourth Street, Suite 202
Minneapolis, MN 55415

(612) 664-5000

## *What does it mean to file documents with the Clerk's Office?*

By filing a document with the Clerk's Office, you ensure that the document becomes part of the official record in your case. This record allows you and the other parties and the judges to be certain of what documents have been presented in a case.

Your complaint and any other documents you submit at the beginning of your case must be filed by mailing them to the Clerk's Office at the address provided above or by personally delivering them during business hours to the Clerk's Office at any of the District of Minnesota's four federal courthouses during business hours. After receiving



your documents, the Clerk's Office will record (or "docket") your papers and send them to the judge assigned to your case. The Clerk of Court will assign a case number upon opening any new proceeding. All documents that you later file in that case should be labeled clearly with that case number.

After the complaint has been filed, you may continue to file documents by mailing them or delivering them to the Clerk's Office. Or you may (if you prefer) request permission from the Clerk's Office to file documents in your case electronically. An application to file documents electronically can be found on the District of Minnesota's website; that application also contains information regarding the rules you must follow to file documents electronically. You must get permission to file electronically, but once you get permission, you must continue to file electronically unless you let the Clerk's Office know you no longer wish to do so. When you request permission to file documents electronically, you are also agreeing to **receive** electronically any documents that are filed by other parties or the court, so paper copies of those documents will no longer be sent to you.

**Filing** documents with the Clerk's Office is not always the same as **serving** documents on the other parties to the lawsuit. The requirements for serving a summons and complaint are found in Rule 4 of the Federal Rules of Civil Procedure. The requirements for serving other types of documents are found in Rule 5 of the Federal Rules of Civil Procedure.



## What is a district judge?

Both a district judge and a magistrate judge are assigned to most cases. A federal district judge is a judicial officer appointed by the President under Article III of the United States Constitution. District judges are authorized to make any decision in your lawsuit. Some decisions, such as whether a claim or party should be dismissed, may be made only by the district judge unless all of the parties have consented to those decisions being made by a magistrate judge. Other decisions, such as those regarding scheduling and discovery, may be made by either the district judge or the magistrate judge.

## What is a magistrate judge?

A magistrate judge has some, but not all, of the powers of a district judge. Magistrate judges may (among other things) set deadlines and enter orders on scheduling and discovery. Magistrate judges may also issue Reports and Recommendations on issues that will ultimately be decided by the district judge, such as whether claims or parties should be dismissed from the lawsuit. You may object to any order or to any portion of a Report and Recommendation entered by a magistrate judge in your case, and your objection will be reviewed by a district judge. Local Rules 72.1 and 72.2 and 28 U.S.C. § 636 explain more about the role of magistrate judges.

## What does it mean that a party is "under oath" or that a document is "filed under oath"?

To be "under oath" means that you have promised that the statements you have made are true and complete to the best of your knowledge. Statements made under oath



may include written statements, such as those found in your answers to interrogatories or in an affidavit filed with the court; or oral statements, such as testimony offered in a deposition or at trial. The consequences for making knowingly false statements under oath are severe and may include dismissal of your case, monetary penalties, or criminal prosecution for perjury.

### Can anyone see the documents filed in my lawsuit?

Usually, yes. With limited exceptions, members of the public have the right to see any documents filed in your action, and you have the right to see documents filed in any civil action.

If you believe that a document you want to file has sensitive information and that other people should not be able to see the document, you must request that the document be sealed. Local Rule 5.6 explains how you may request that a document be filed under seal. **You must follow Local Rule 5.6 if you want a document to be filed under seal.** However, even if a document is filed under seal, both the judge and the opposing parties in your case will be able to see the document.

A few particularly sensitive facts **must always be omitted** from any documents you file with the court. Under Rule 5.2 of the Federal Rules of Civil Procedure, you must identify children only by their initials, never by their names. If it is necessary to refer to a social security number, a taxpayer identification number, or a financial account number, you must use only the last four digits of that number. It is your responsibility to ensure this information cannot be found in a document filed with the court. In other words, filing

 

documents containing this information under seal is not sufficient to comply with Rule 5.2.

## Can I use artificial intelligence to help me prepare documents?

You may use generative artificial intelligence services such as ChatGPT or Copilot to assist you in researching or preparing documents, but be aware that such tools often produce factually or legally inaccurate content. You are responsible for the accuracy and quality of legal documents that you submit to the court, regardless of whether those documents were prepared by or with the assistance of artificial intelligence, and you can be sanctioned for submitting inaccurate or frivolous information generated by or with the assistance of artificial intelligence. Those sanctions may include dismissal of your lawsuit, monetary sanctions, or restrictions on your ability to file new lawsuits in the District of Minnesota. Additional information about artificial intelligence may be found on the District of Minnesota's website.



# CHAPTER TWO: STARTING YOUR LAWSUIT

## *What is a lawsuit?*

A lawsuit (sometimes referred to as a civil action) is a proceeding brought by a person or a legal entity (such as a corporation or government) seeking relief against another person or legal entity. In most lawsuits, the person or entity bringing the lawsuit is called the "plaintiff," while the person or entity being sued is called the "defendant." By bringing a lawsuit, a plaintiff alleges that they have been harmed by the defendant's unlawful behavior. If the defendant is found by the court to have unlawfully harmed the plaintiff, then the defendant may be ordered to provide relief for that harm—for example, by paying monetary damages to the plaintiff or by stopping the activity that is harming the plaintiff.

## *How do I start a lawsuit?*

A lawsuit typically begins by filing a complaint with the Clerk's Office. The complaint is a legal document in which you tell the judge and the defendant or defendants why you believe the defendant(s) have violated the law in a way that has injured you. More information about how to prepare a complaint is provided below.

Other types of cases, such as habeas corpus cases, begin with the filing of a petition with the Clerk's Office rather than the filing of a complaint. This Guidebook does not provide information about habeas litigation, but the court has prepared other Guidebooks on habeas corpus and post-conviction proceedings that may be found on the

 

District of Minnesota's website. Paper copies of these Guidebooks may be requested from the Clerk's Office.

## How do I write a complaint?

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include three things: (1) a short and plain statement about why the federal court has jurisdiction over the lawsuit (more information about the meaning of "jurisdiction" is provided below); (2) a short and plain statement showing that the plaintiff is entitled to relief; and (3) a demand for the specific type of relief that the plaintiff is seeking.

In addition, a complaint should include the following: (1) a caption that clearly and specifically identifies each plaintiff and defendant; (2) a statement as to whether you would like the lawsuit to be tried before a jury, if the lawsuit goes to trial; (3) a statement about why the District of Minnesota (rather than a federal court located somewhere else) is the correct venue for the lawsuit; and (4) the signature of each plaintiff.

General complaint forms are available in the Clerk's Office and on the District of Minnesota's website to help you organize the information necessary for bringing your lawsuit. You do not have to use a complaint form, but the form may make writing a complaint easier for you.

## What does "jurisdiction" mean?

If the law permits a court to hear a certain type of case, the court is said to have "subject matter jurisdiction" over that type of case. The court system in the United States consists of state courts and federal courts. The United States District Court for the District



of Minnesota is a federal court. Federal courts are authorized under the law to hear only certain types of cases. If the court does not have subject matter jurisdiction over your lawsuit, it cannot consider the merits of your lawsuit and it must dismiss the case.

The two most common types of lawsuits that federal courts are authorized to hear are those where:

- At least one of the plaintiff's claims arises under the Constitution, laws, or treaties of the United States (28 U.S.C. § 1331). This is often referred to as "federal question jurisdiction."

- None of the plaintiffs lives in the same state as any of the defendants, and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). This is often referred to as "diversity jurisdiction." "Amount in controversy" refers to the dollar value of what the plaintiff wants the court to award or do.

Your complaint must include a jurisdictional statement that explains why the court has subject matter jurisdiction over your lawsuit. For example, you might state that the court has federal question jurisdiction over your lawsuit because one of your claims arises under the Americans with Disabilities Act, a federal law. Failure to include a jurisdictional statement could result in dismissal of your complaint.

## What is "venue"?

"Venue" means the place where the lawsuit is filed. Most lawsuits in federal court must be filed in a specific venue. Usually, the proper venue is either the court that is located in the district where the defendants live or the court that is located in the district where the defendants took the actions that you believe violated the law. A venue statement in a complaint explains why you believe the particular district—in this case,

13



the District of Minnesota—is the proper federal court for deciding your lawsuit. More information about proper venue may be found at 28 U.S.C. § 1391.

## *How much detail should I include in the complaint?*

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a complaint needs to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." You should include enough detail in your complaint that the judge and the defendants can understand what you believe happened and how you were harmed, and to plausibly show that you are entitled to relief from the defendants you have named. You do not need to state every bit of detail that you can remember, and you do not need to include all your evidence, but you must provide some description of how **each** defendant violated the law. Think of a complaint as you would a short story: the complaint should include enough detail that someone who has never read the story can understand what has happened, but not so much information that the reader does not understand what is important in the story and what is not.

You must include factual allegations to support your legal conclusions. Legal conclusions alone are not enough for your lawsuit to go forward. For example, "the defendant breached a contract with me" is a legal conclusion. "I sold the defendant my car and they never paid me what they agreed to pay" is a factual allegation. Wherever possible, present your story in terms of factual allegations, then state the legal basis for your claims (more on this below).



Some claims—fraud, for example—must be pleaded with more detail than the "short and plain statement" requirement of Rule 8(a). Under Rule 9(b) of the Federal Rules of Civil Procedure, a claim of fraud must be stated with "particularity," which means you must state the "who, what, when, where, and why" of your claim.

## What is a "claim" (or a "count")?

A claim, also called a count, is an assertion in a complaint that a defendant or defendants violated a specific law. If you know the specific law that you believe the defendants violated, you should identify that law. If you believe the defendant violated the law but are not sure specifically which law was violated, you should describe as best you can the area of law upon which your complaint is based.

A complaint may contain multiple counts, but Rule 10(b) of the Federal Rules of Civil Procedure requires you to state each count separately. Usually, these statements appear later in the complaint, after you have explained who the parties are, why the court has jurisdiction, and the factual allegations that are the basis for your lawsuit, but before your request for relief.

## What is a "request for relief"?

A "request for relief" is a statement of what you want the judge to order the defendant to do if you win your lawsuit. For example, you may request that you be awarded money or that the defendant be ordered to stop doing something that is unlawful. You may request more than one type of relief.



*U.S. District Court, District of Minnesota*

## Why do I have to sign the complaint (and every other document in the lawsuit)?

Rule 11(a) of the Federal Rules of Civil Procedure requires that every document filed or served in a lawsuit be signed by the lawyer for the party that is filing the document or, if the party is not represented by a lawyer, signed by the party himself or herself. If the document is being filed on behalf of more than one unrepresented party, then each unrepresented party must sign the document. For example, if a complaint names two plaintiffs who are not represented by an attorney, then each plaintiff must sign the complaint. The same is true for any other documents that are filed with the court or served on the other side on behalf of both unrepresented plaintiffs. In other words, you cannot sign a document for another plaintiff, even if you have their permission to do so.

Your signature on the complaint represents that the statements included in the complaint are true to the best of your knowledge. Under Rule 11, you may be fined, or your case may be dismissed, if you are found to have included allegations that you knew or had reason to know were false.

## What besides a complaint is needed to begin my lawsuit?

Along with your complaint, you **must** also submit a civil cover sheet and either the $405.00 filing fee or, if you cannot afford to pay that filing fee, an application to proceed *in forma pauperis*. (This document is sometimes called an "IFP application.") You also **may** submit other documents discussed in your complaint as exhibits to support the

16



allegations in your complaint. For example, if you allege that the defendant is in breach of a contract, you may wish to include a signed copy of the contract as an exhibit to the complaint. But you are not required to file your evidence when you file your complaint, and regardless, you should not attach copies of any documents that you do not discuss in your complaint.

### What is a civil cover sheet?

The civil cover sheet is a form provided by the Clerk's Office that is used to gather information about the nature of your lawsuit. You must file a civil cover sheet when you begin a new lawsuit.

### How can I pay the filing fee?

The District of Minnesota charges a $405.00 filing fee to begin a new lawsuit. The court will accept payment by check, VISA, MasterCard, Discover, or American Express. Checks should be made payable to the "Clerk of Court."

### What if I cannot afford the fee for filing a new complaint?

If you cannot afford the $405.00 filing fee, you must file an *in forma pauperis* application. By completing an *in forma pauperis* application, you represent to the court that payment of the filing fee would either be impossible or would amount to a substantial hardship. If the court agrees that you are unable to pay the filing fee, you will be excused from that requirement, unless you are a prisoner.



Prisoners who are unable to afford the $405.00 filing fee may also apply for *in forma pauperis* status but cannot be excused from paying the filing fee entirely. Instead, a prisoner who qualifies financially for *in forma pauperis* status must still pay $350.00. This is paid in installments over time, with the first of those installments due at the beginning of the case. The amount of that initial payment is calculated under 28 U.S.C. § 1915(b) based on the average deposits to and balance of the prisoner's facility trust account for the six months preceding the filing of the lawsuit. For the remaining installments, prison or jail officials will be directed to withdraw money from the prisoner's facility trust account and send that money to the court as funds become available. The court cannot waive this obligation.

A prisoner who has filed three or more lawsuits or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* unless the prisoner can show that they are under imminent danger of serious physical injury. A prisoner ineligible to proceed *in forma pauperis* must pay the entire $405.00 filing fee before their lawsuit may proceed.

Finally, *in forma pauperis* status does not excuse a litigant (whether a prisoner or non-prisoner) from many other costs of litigation, such as court reporter costs.

### *How will I find out what judge has been assigned to my case?*

When you file your complaint, the Clerk's Office will assign a file number to the case. The file number will include the initials of the district judge and magistrate judge



who have been assigned to handle it. In addition, you will receive a document that gives you the names of the assigned judges. Under some circumstances (such as where there is a conflict of interest, another related case on the docket, or a retirement), a different judge or judges may be substituted at some point in the case. If that happens, you will receive a notice telling you who the new judge is.

## Can I change my complaint after I file it?

Yes. Changing a document that has already been filed with the court is known as "amending" the document. If you wish to add new factual allegations, claims, or defendants, you must amend your complaint. The process to amend complaints is governed by Rule 15 of the Federal Rules of Civil Procedure and by Local Rule 15.1. In most situations, a plaintiff must first ask the court for permission to amend their complaint by filing a motion. A copy of the proposed amended complaint must always be filed with a motion to amend. The proposed amended complaint should not include just the changed or additional information, but instead must "stand on its own" and include every factual allegation and claim that the plaintiff intends to litigate. If permission is granted, the proposed amended complaint will entirely replace the original complaint.

## What do I do after I file my complaint?

If you have paid the filing fee for your lawsuit, you will next have to serve a copy of the complaint along with a "summons" on each defendant. A summons is a document informing a party that a lawsuit has been filed against them and that they must respond

19



to the allegations and claims in the complaint. The rules for serving the summons and complaint can be found in Rule 4 of the Federal Rules of Civil Procedure.

If you are proceeding *in forma pauperis*, officers of the court will serve your summons and complaint for you. You will be asked to supply information regarding where the defendants are located so that the complaint and summons can be served.

## May the defendant be asked to waive service of the summons and complaint?

Defendants may sometimes be asked if they will "waive" — that is, not require — formal service of the summons and complaint and will instead agree to receive the documents by mail. Under Rule 4 of the Federal Rules of Civil Procedure, you can ask for a waiver of service from any defendant **except**:

- A minor or incompetent person in the United States;

- The United States government, its agencies, corporations, officers, or employees;

- A state or local government; or

- A foreign state.

Rule 4(d) of the Federal Rules of Civil Procedure explains how to seek waiver of service. Waiver forms may be requested from the Clerk's Office or found on the District of Minnesota's website. In general, waiver of service is less costly and less burdensome than formal service for all parties and should be sought wherever possible.



## What happens if the defendant declines to waive service?

If a defendant does not sign and return the waiver-of-service form, then the plaintiff will need to follow the rules for formal service set out in Rule 4 of the Federal Rules of Civil Procedure. But if the defendant who declined to accept service by mail is located in the United States, then the plaintiff may ask the judge to order the defendant to pay for the costs of serving the summons and complaint. Refer to Rule 4(d)(2) of the Federal Rules of Civil Procedure for more information.

## How do I serve the summons and complaint?

Rule 4 of the Federal Rules of Civil Procedure governs service of the summons and complaint. Rule 4 can be complicated but must be followed carefully. The defendant may insist that the summons and complaint be served correctly before the lawsuit may proceed.

The easiest way to serve a complaint is to hire a professional process server. If you do not want to or cannot afford to hire a process server, you can also ask a friend, family member, or any other person over 18 years old to personally serve the summons and complaint for you. **You may not deliver the summons and complaint yourself.**

Rule 4 sets out different service requirements for different kinds of defendants. For example, the requirements for serving a person can be found in Rule 4(e); the requirements for business entities in Rule 4(h); the requirements for federal governmental entities and employees in Rule 4(i); and the requirements for state and



municipal governmental entities and employees in Rule 4(j). Each defendant must be served in the manner that Rule 4 requires for that particular type of defendant.

A plaintiff appealing the denial of a claim for benefits by the Social Security Administration does not need to carry out formal service of process. The government will be automatically notified of the lawsuit when it is filed, and no further service is necessary.

### Is there a time limit for serving the summons and complaint?

Rule 4(m) of the Federal Rules of Civil Procedure requires you to serve each defendant or obtain a waiver of service within 90 days after the complaint is filed in the Clerk's Office. If you do not meet that deadline and you do not show the judge that you had a good reason for not serving a defendant by the deadline, the judge may dismiss all claims against any defendant who was not served.

### How can I make sure that I know about everything that happens in my lawsuit?

The court maintains a summary record of every document filed in every case. This is called the "docket." Although every document that is filed in a lawsuit must be served on all of the parties, sometimes mistakes are made, or documents get lost in the mail. For this reason, you should keep a copy of everything you file and everything you receive from the court or the other parties. In addition, it is a good idea to check the docket regularly to make sure that (1) every document you have filed has been entered on the docket; (2) you have received copies of every document that everyone else has filed; and



(3) you are aware of every order that the court has issued. To see the docket, you must either visit the Clerk's Office and use the public computer terminals, or use PACER, which stands for "Public Access to Court Electronic Records." Anyone can obtain a PACER login and password, but in most circumstances, PACER charges 10 cents for every page you download. If you have been granted permission to file electronically, you will receive email notification and electronic access to each new document or entry filed on the docket, but you should download it when you access it for the first time, as in most instances you will be required to pay the PACER charges for any additional accesses. Note that if you receive email notification and electronic access to a document, any deadlines for responding to or complying with that document begin to run the day the notification is sent, even if you do not look at it immediately. If you are not filing electronically or do not have a PACER account, you can call or visit the Clerk's Office for information about the docket in your case.

If you have a question about the schedule for a hearing or court conference, you should call the specific judge's chambers. Contact information for each judge's chambers may be found on the District of Minnesota's website. Otherwise, calls and emails to the judge's chambers are strongly discouraged unless the judge has specifically given permission for or requested such communications. There are three reasons for this. First, calls and emails are not part of the official file. Second, neither the judge nor the judge's staff is allowed to give you legal advice. Third, neither the judge nor the judge's staff is allowed to talk with you about the merits of your case outside of the presence of the other side, except in connection with a mediated settlement conference.



# CHAPTER THREE: ANSWERS, MOTIONS TO DISMISS, AND COUNTERCLAIMS

## *What happens after the summons and complaint are served?*

After the summons and complaint have been properly served on the defendant, the defendant must respond to the complaint. That response may take one or more of several forms (this is not an exhaustive list):

- An **answer**, in which the defendant responds to each of the allegations and claims raised in the complaint.

- A **motion to dismiss**, in which the defendant argues the lawsuit should not proceed for one or more reasons—for example, the federal court does not have jurisdiction or the complaint does not show that the plaintiff is entitled to relief.

- A **motion for a more definite statement**, in which the defendant argues the complaint has too little information upon which to respond.

- A **counterclaim**, in which the defendant raises its own claims for relief against the plaintiff.

## *How long does the defendant have to respond to the complaint?*

A defendant generally must respond to the complaint within 21 days after they have been properly served with the complaint. A defendant who has waived service of process, however, is entitled to 60 days in which to respond to the complaint. Federal governmental defendants are also entitled to 60 days in which to respond. Other response deadlines may be found in Rule 12 of the Federal Rules of Civil Procedure.

The time limits for responding to an amended complaint are different. Under Rule 15(a)(3) of the Federal Rules of Civil Procedure, a defendant must serve a response to an amended complaint within the time remaining to respond to the original complaint,



or within 14 days after being served with the amended complaint, whichever period is longer.

The court may alter these deadlines upon request of a party or wherever the court may feel an adjustment to be appropriate. Read carefully any orders entered by the court for amended deadlines.

### What happens if the defendant does not respond to the complaint?

If the plaintiff has properly served the defendant with the complaint and the defendant does not timely respond, the defendant is considered to be in "default." The plaintiff is then entitled to ask the court for a default judgment against the defendant. That default judgment may order the defendant to provide relief to the plaintiff, such as monetary damages, just as if the claims in the complaint had been fully litigated and the plaintiff had succeeded at trial.

Rule 55 of the Federal Rules of Civil Procedure discusses the rules for obtaining a default judgment. First, you must file a request for entry of default with the Clerk of Court. The request for entry of default must include proof that the defendant has been properly served with the complaint and show when that service occurred. If the request for entry of default shows that the defendant has been properly served with the summons and complaint and has not filed a written response to the complaint within the required time, the Clerk will enter default against the defendant. Under Rule 55(c) of the Federal Rules of Civil Procedure, once the Clerk enters default, the defendant is not permitted to respond to the complaint without first filing a motion to set aside the default.



After the Clerk has entered default against the defendant, the plaintiff must still file a motion for default judgment against the defendant in order to obtain relief. Rule 55(b) explains how to obtain a default judgment. With the motion, the plaintiff must file an affidavit proving the amount of damages suffered and requested in the complaint. Under Rule 54(c) of the Federal Rules of Civil Procedure, the court cannot enter a default judgment that awards more money than was asked for in the complaint. The court also cannot give any type of relief other than what was specifically asked for in the complaint.

Once default is entered, the defendant is considered to have admitted every fact stated in the complaint, except for the amount of damages. The defendant can still oppose a motion for default judgment, however, by attacking the complaint. For example, the defendant could argue that the facts stated in the complaint do not constitute a violation of any law. The defendant may also oppose a motion for default judgment by presenting evidence that the plaintiff did not suffer the amount of damages that she asked the court to award.

Special rules apply if the plaintiff is seeking a default judgment against any of the following parties:

- A minor or incompetent person (see Rule 55(b));
- The United States government or its officers or agencies (see Rule 55(d));
- A foreign country (see 28 U.S.C. § 1608(e)); and
- Servicemen or women (see United States Code, 50 Appendix U.S.C. § 521).



Under Rule 55(c), the court may set aside an entry of default for good cause, or may set aside a default judgment for any of the grounds for relief from a final judgment provided in Rule 60(b) of the Federal Rules of Civil Procedure.

## What is an answer to the complaint?

An answer is a formal response to each allegation in the complaint. It is customary to write the answer in the same numbered paragraph style as the complaint. For example, paragraph one of the answer should respond only to paragraph one of the complaint, paragraph two of the answer should respond only to paragraph two of the complaint, and so forth.

Rule 8(b) of the Federal Rules of Civil Procedure requires the defendant to admit or deny each statement in the complaint. If the defendant does not have enough information to determine whether the statement is true or false, the defendant must state that they do not have enough information to admit or deny that statement. If only part of a statement in the complaint is true, the defendant must admit that part and deny the rest. Generally, under Rule 8(b)(6), a defendant is considered to have admitted every statement that they do not specifically deny, except for the amount of damages.

Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure require the defendant to also state all affirmative defenses they may have to the plaintiff's claims. Each defense should be listed in a separate paragraph at the end of the answer. Generally, if a defendant does not state an affirmative defense in the answer, the defendant may not rely on that defense or try to present evidence about that defense later in the lawsuit. Because

 

failing to list a defense in an answer could have dramatic consequences, great care should be exercised in preparing an answer.

Each defendant must sign their answer (or have their lawyer sign their answer), and the answer must be served upon all other parties in the lawsuit. If there are multiple defendants, they may file one joint answer or each may respond to the complaint separately.

### Does the plaintiff have to respond to the answer after it is filed?

The plaintiff should not file a reply to the defendant's answer unless directed to do so by the judge. Under Rule 8(b)(6) of the Federal Rules of Civil Procedure, all statements in an answer are automatically denied by the other parties to the lawsuit. If the defendant files a counterclaim, however, the plaintiff should file an answer to the counterclaim or a motion to dismiss the counterclaim. More information on counterclaims is provided below.

### Can the defendant amend the answer after filing it?

Yes, although as with amended complaints, a defendant must usually first request permission of the court before filing an amended answer. Refer to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 15.1 for more details.

### What is a counterclaim?

A counterclaim is a claim brought by the defendant against the plaintiff. Rule 13 of the Federal Rules of Civil Procedure explains some of the requirements for filing



counterclaims. A counterclaim should not be mixed into the statements and defenses of the answer, but may be included as a separate section at the end of the defendant's answer or may be filed as a separate document.

## What are the requirements for counterclaims?

There are two types of counterclaims under Rule 13 of the Federal Rules of Civil Procedure: compulsory counterclaims and permissive counterclaims. A compulsory counterclaim is a claim by a defendant against a plaintiff that is based on the same events or transactions as the plaintiff's claim against the defendant. A defendant **must** file a compulsory counterclaim at the same time his answer is filed or risk losing the ability to ever sue the plaintiff for that claim. (Some exceptions to that general requirement are listed in Rule 13(a)).

A permissive counterclaim is a claim by a defendant against a plaintiff that is not based on the same events or transactions as the plaintiff's claim against the defendant. For example, if the plaintiff sues the defendant for breaching a contract, the defendant's claim that the plaintiff breached the same contract is a compulsory counterclaim. By contrast, the defendant's claim that the plaintiff owes him money due to an unrelated car accident that occurred six months after the alleged breach of contract would be a permissive counterclaim.

If the defendant wants to file a permissive counterclaim, the defendant should file it as early as possible in the lawsuit, but there is no rule requiring that it be filed at the



same time as the answer. By not filing a permissive counterclaim, the defendant does not lose the ability to sue the plaintiff for that claim in a separate action at another time.

The court has subject matter jurisdiction over a compulsory counterclaim if the court has subject matter jurisdiction over the plaintiff's claim against the defendant. But the court can only decide a permissive counterclaim if there is an independent basis for the court's subject matter jurisdiction over the permissive counterclaim. This means that the defendant can bring a permissive counterclaim only if the court would have subject matter jurisdiction over that claim if it were brought as a separate lawsuit.

Counterclaims should be written using the same format used to write a complaint. All the rules that apply to writing a complaint also apply to writing a counterclaim.

### *If a counterclaim is filed, does the plaintiff have to respond to it?*

Yes. Because a counterclaim acts as a complaint against the plaintiff, the plaintiff must file and serve a written response to it. Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure requires the plaintiff to file and serve an answer to a counterclaim within 21 days after being served with the counterclaim. Alternatively, the plaintiff may file and serve a motion challenging some aspect of the counterclaim, such as a motion to dismiss the counterclaim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### *What is a motion to dismiss?*

In a motion to dismiss, the moving party argues that there are legal problems with the substance of the complaint (or counterclaim), or with the way it was filed or served, and that because of those problems, some or all of the case should not be allowed to move



forward. A motion to dismiss may seek to dismiss the entire complaint or counterclaim, or only some of the claims or counts.

Rule 12(b) of the Federal Rules of Civil Procedure lists the grounds that can be raised in a motion to dismiss. These are the most common:

- **Motion to dismiss for lack of subject matter jurisdiction.** The moving party argues the court does not have the legal authority to hear the kind of lawsuit that the plaintiff filed.

- **Motion to dismiss for lack of personal jurisdiction over the defendant.** The defendant argues they have so little connection with the district in which this case was filed that the court has no legal authority to hear the claims against him.

- **Motion to dismiss for improper venue.** The defendant argues the lawsuit was filed in the wrong place.

- **Motion to dismiss for insufficiency of service of process.** The defendant argues the plaintiff did not properly serve the summons and complaint on the moving party.

- **Motion to dismiss for failure to state a claim.** The moving party argues that even if everything stated in the complaint or counterclaim is true, it still does not establish that the moving party violated the law. This type of motion is not based on an argument about the truth or accuracy of the facts alleged in the complaint or counterclaim, but only on the sufficiency of those alleged facts to support the claim for relief.

## *Should I respond to a motion to dismiss?*

Yes. If you do not, your claims may be dismissed. In your response, you should explain why your complaint should not be dismissed. Requirements for responses and all other briefs filed with the court are set out in Local Rule 7.1.



## What happens after the judge decides the motion to dismiss?

If the motion to dismiss is granted, the judge can grant the motion "without prejudice" or "with prejudice." If the judge grants a motion to dismiss without prejudice, it means there is a legal problem with the complaint or counterclaim, but the claimant (the person who filed the complaint or the counterclaim) may be able to fix that problem in a different lawsuit. If the judge grants the motion to dismiss with prejudice, it means there are legal problems with the complaint or counterclaim that cannot be fixed. Any claim that is dismissed with prejudice cannot be litigated again, either in that lawsuit or in any other lawsuit (unless the judge's decision is overturned on appeal).

If the judge denies a motion to dismiss, or dismisses only part of the complaint or counterclaim but leaves other claims in effect, the party who filed the motion must file and serve an answer within 14 days after receiving notice of the court's order, as provided by Rule 12(a)(4) of the Federal Rules of Civil Procedure,

## What is a motion for a more definite statement?

Rule 12(e) of the Federal Rules of Civil Procedure permits a defendant to file and serve a motion for a more definite statement before filing an answer to the complaint. In a motion for a more definite statement, the defendant argues that the complaint is so vague, ambiguous, or confusing that the defendant cannot respond to it. The motion must contain an explanation of how the complaint is defective and ask for the details that are needed for the defendant to respond to the complaint.



If the court orders a more definite statement, the plaintiff must comply with the order by the deadline given by the court. If the plaintiff fails to provide a more definite statement as ordered, the court may choose to strike the complaint. If the plaintiff does comply with the order, then, under Rule 12(a)(4)(B) of the Federal Rules of Civil Procedure, the defendant must file and serve a written response to the complaint within 14 days after the defendant receives the more definite statement from the plaintiff. The defendant's written response may be an answer or another motion under Rule 12 of the Federal Rules of Civil Procedure. If the court denies the motion for a more definite statement, the defendant must file and serve a written response to the complaint within 14 days after receiving notice of the court's order.



The same procedures that were used during presentation of the plaintiff's case also apply while the defendant presents their case.

## What is rebuttal?

After both sides have had a chance to present their case, the party who has the burden of proof (usually the plaintiff) may, but is not required to, try to undermine or explain the opposing party's evidence through "rebuttal evidence." Rebuttal may only be used to counter the other party's evidence. For example, a rebuttal witness might testify that the other party's witness could not have seen the events they testified to because the witness was not there at the time. But the plaintiff cannot use rebuttal to present their case over again or try to add something they had forgotten when presenting their case.

## What happens after all parties have finished presenting their evidence?

After all witnesses have finished testifying, the judge will instruct the jury about the law that applies to the case. Sometimes, the judge will wait until after closing arguments to instruct the jury about the law.

Each party may present a closing argument. The purpose of the closing argument is to summarize the evidence and argue how the jury (or, in a bench trial, the judge) should decide the case based on that evidence. Under Local Rule 39.2, closing argument is limited to one hour, unless the judge orders otherwise.



# CHAPTER NINE: POST-TRIAL MOTIONS AND APPEALS

## What is a motion for reconsideration?

A motion for reconsideration is a request that the judge change his or her mind about a decision already made in a case. Under Local Rule 7.1(j), you must present compelling circumstances before you are permitted to file a motion for reconsideration of an order entered by the judge. A request to make such a motion must be in a letter, no more than two pages long, directed to the judge. You must send a copy of the letter to the other parties. A motion for reconsideration may be requested following the entry of any order. That said, requests for reconsideration are disfavored and are rarely granted.

## What is a post-trial or post-judgment motion?

A post-trial or post-judgment motion is a request for relief from the court that just heard your case. The most common are motions for a new trial, which are governed by Rule 59 of the Federal Rules of Civil Procedure, and motions for relief from judgment, which are governed by Rule 60 of the Federal Rules of Civil Procedure.

## What is an appeal?

An appeal is a request for another court—an appellate court—to review the decisions made by the judge or jury in your case. Generally (though not always), parties may not file a notice of appeal until after finally judgment is entered in their lawsuit. Almost all appeals from the judgments of the District of Minnesota must go to the United States Court of Appeals for the Eighth Circuit.



*U.S. District Court, District of Minnesota*

# CHAPTER FOUR: HOW MOTION PRACTICE AND HEARINGS ARE CONDUCTED

## *What is a motion?*

A motion is a formal request made to the judge. A motion is usually filed with a memorandum of law (or "brief") explaining why you believe the request should be granted. The motion may also be supported by documents or other exhibits.

## *How is motion practice conducted?*

You can file motions, briefs, and supporting documents in three ways: (1) bring the appropriate documents to the Clerk's Office to file in person; (2) mail the documents to the Clerk's Office for filing; or (3) file electronically on the court's electronic CM/ECF docketing system (if you have received permission to do so).

Usually, the following occurs when a motion is filed:

First, one party files a motion explaining what they want the judge to do and why the judge should do it. The motion must be filed with a memorandum of law (also called a "brief") that explains why the judge should grant the motion. The party who files a motion is referred to as the "moving party" or "movant."

Next, the party who opposes the motion—referred to as the "responding party" or "opposing party"—must file a response memorandum explaining why they believe the judge should not grant the motion. The responding party does not need to file a motion of their own.



Then, **for dispositive motions only**—that is, motions that ask for a claim or party to be dismissed from the litigation—the moving party may, but is not required to, file a reply memorandum in which they reply to the arguments made in the responding party's memorandum of law. A motion to dismiss and a motion for summary judgment are examples of dispositive motions. Local Rule 7.1(c)(6) lists other examples. After the reply is filed or the deadline for filing the reply has passed, neither party may file any more documents about the motion without first getting permission from the judge.

For **nondispositive motions**—for example, motions about discovery or scheduling—the moving party is not permitted to file a reply memorandum without first getting permission from the judge.

After the papers relating to the motion are filed, the judge can decide the motion based solely on the arguments in the papers or can hold a hearing. If the judge holds a hearing, each side will have an opportunity to talk to the judge about the arguments in their papers. The judge then has the option to announce her decision in the courtroom (a ruling from the bench), or to further consider the motion after the hearing (taking the motion under advisement). If the judge takes the motion under advisement, the parties will receive a written decision sometime after the hearing.

## *What are the requirements for motion papers?*

Both the Federal Rules of Civil Procedure and the District of Minnesota's Local Rules provide requirements for filing motion papers. In addition to requiring most motions to be in writing, Rule 7(b)(2) of the Federal Rules of Civil Procedure states that



lawyer and nothing the mediator says to you, whether in the presence of the other side or in a separate private session with you, is legal advice.

## What is a Settlement Conference?

Under Local Rule 16.5, the court may set a settlement conference before a magistrate judge. A settlement conference is a mediation in which a judge acts as the mediator and assists the parties in attempting to settle the case. The magistrate judge who holds the settlement conference will not be the same judge who tries the case, if it goes to trial.

If you are notified of a settlement conference, you **must** attend. Read the judge's order setting the settlement conference carefully and abide by any requirements and deadlines for providing information that the judge wants you to submit in advance. That information can be helpful to the magistrate judge in working with you to try to settle the case. Anything you say or send to the magistrate judge in connection with the settlement conference that you ask to remain confidential will not be shared with any other party at the settlement conference (or anyone outside the settlement conference) without your permission.

If a resolution is reached at the settlement conference, the magistrate judge may have the parties come into the courtroom to "put the settlement on the record" before they leave. In other words, the parties will state the terms of the settlement while the courtroom recorder is running so there is a record of those agreed terms. The parties may still prepare and sign a written agreement to memorialize the terms in detail, but the



recording will be available if there is some dispute about what the parties agreed to before the written agreement is finalized and signed.

You are not required to wait for a settlement conference to attempt to settle your case. Furthermore, you are not required to settle your case at the settlement conference. Whether or not you settle, and when, is your decision. Even though the mediator may be a magistrate judge, he or she cannot order you to accept a particular proposal. As long as you participate in the mediation in good faith, the judge will not "be mad at you" if you decide that you are not willing to settle the case on the terms the other side has offered. Like any mediator, the judge at your settlement conference will try to make sure you have considered both the strengths and the weaknesses of your case and the reasons why a settlement might make sense for you, but you should also remember that, like any mediator, the judge is not your lawyer and cannot give you legal advice about whether you should accept a proposal for settlement.



# CHAPTER SIX: MEDIATIONS AND SETTLEMENT CONFERENCES

## *What is a Mediation?*

A mediation is a meeting between the parties and a neutral person, typically a lawyer or judge, who has experience in helping parties negotiate and resolve litigation. The neutral person is referred to as the "mediator." Each mediator may have their own approach to facilitating the parties' negotiations, but in most instances the mediation will involve some interactions among the parties and the mediator together and some with the mediator talking separately with each party and communicating each party's proposals or counterproposals to the other party or parties. Unless the mediator announces otherwise, anything you say to the mediator that you request to be kept confidential will not be repeated to the other side unless you give the mediator permission to do so. Additionally, except under rare circumstances, communications that occur during the mediation will not be disclosed to anyone outside the mediation or used in evidence at trial without the consent of the party who made the statement or other communication.

At a mediation, the mediator will typically try to make sure that each party is considering not only the reasons they think they have a winning case, but also the challenges, costs, and risks of their case. You may not agree with the mediator, but you should listen to the points they make as you consider whether the other side's proposal for settlement is one you can accept. Remember, however, that the mediator is not your



- An order refusing to allow the disobedient party to support certain claims or defenses or prohibiting that party from introducing certain evidence;

- An order striking certain documents or parts of documents from the case, staying the lawsuit until the order is obeyed, dismissing the lawsuit or any part of the lawsuit, or rendering a default judgment against the disobedient party; or

- An order holding the disobedient party in contempt of court for failing to obey an order, except an order to submit to a physical or mental examination.

In addition, if a party fails to make required disclosures under Rule 26(a) of the Federal Rules of Civil Procedure or fails to supplement a prior response under Rule 26(e), that party will be barred from using that information as evidence at the trial, hearing, or on any motion unless the failure to disclose was harmless. The judge may also order payment of reasonable expenses caused by the failure, inform the jury of the party's failure, or impose other sanctions.